IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| Steve Nelson, | ) | |
| Debtor, | ) | No.:14 B 44153 |
| And _____ | ) | |
| | ) | Chapter: 13 |
| Steve Nelson, | ) | |
| | ) | Adversary: 15-51 |
| Plaintiff, | ) | |
| v. | ) | Honorable Jack B. Schmetterer |
| Green Tree Servicing LLC, | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon review of the record, including Plaintiff's, Steve Nelson, Adversary Complaint, Motion for Default Judgment, all attached exhibits, and the related Summonses, the Court makes the following findings of fact:

1. The Plaintiff's bankruptcy case was filed December 11, 2014.

2. The Plaintiff's original Complaint was timely filed on January 26, 2015 and Plaintiff's Amended Complaint was filed on March 5, 2015.

3. The Plaintiff effected service by certified U.S. mail on the Defendant on April 13, 2015. Proof of Service has been filed with the Court (docket entry #8).

4. The Defendant is a National Banking Association and therefore not in the military service of the United States or a minor or incapacitated person.

5. The Defendant has neither answered the Complaint nor otherwise appeared within the time period provided by the Court Rules, and has not done so since that time and is therefore in default.

6. The Notice of Motion, Motion for Entry of Default Order and Default Judgment were served on the Defendant on or about May 21, 2015. See Exhibit A attached hereto.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because it arises under, arises in, and is related to the Chapter 13 Bankruptcy case, *In re Steve Nelson*, Case No. 14 B 44153, presently pending in the United States Bankruptcy Court of the Northern District of Illinois, Eastern Division.

8. Pursuant to Section 157(a) of Title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts.

9. Pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(I), this case is a core proceeding.

10. Pursuant to Section 1409 of Title 28 of the U.S. Code, the venue of the Northern District of Illinois, Eastern Division is proper.

11. The Plaintiff, Steve Nelson ("Plaintiff"), is an individual owning and residing at 1115 Nichols Lane, Maywood, Illinois 60153 (Cook County PIN: 15-02-338-024-0000) in Cook County Illinois (the "Residence").

12. On December 11, 2014, Plaintiff filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois, Eastern Division, as case number 14-B-44153.

13. Nationstar Mortgage ("Nationstar") is a lender and servicer of mortgages and holds a first mortgage on the Residence with an approximate outstanding balance of $313,272.70.

14. The Defendant, Green Tree Servicing LLC ("Green Tree"), is a lender and servicer of mortgages and holds a second mortgage lien on the Residence with an approximate outstanding balance of $65,540.35.

15. Plaintiff filed the above-captioned case on January 26, 2015 seeking to determine the fair

market value of the Residence and strip off the unsecured second lien of Defendant on the Residence.

16. As an exhibit to Plaintiffs' Amended Complaint, Plaintiff produced a Comparative Market Analysis of the Residence which determined the Residence's fair market value to be $80,000.00.

17. Defendant was served a copy of Plaintiff's Amended Complaint by certified mail on April 13, 2015.

18. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Defendant was under an obligation to file an appearance and responsive pleading to the above-captioned matter on or before May 11, 2015.

## CONCLUSIONS OF LAW

19. Rule 55(b)(2) Fed. R. Civ. P., made applicable in bankruptcy by Rule 7055 Fed. R. Bankr. P. governs default judgments entered by a bankruptcy judge. *In re Zecevic,* 344 B.R. 572, 576 and cases cited (Bankr. N.D. Ill. 2006) (Schmetterer, J.). "Granting a motion for the entry of a default judgment lies within the second discretion of the trial court." Id. (*citing Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir. 1990)).

20. Defendant has failed to file an appearance and responsive pleading in a timely manner as required by the Rules of this Court.

21. Defendant's failure to file a responsive pleading to Plaintiff's Complaint justifies the entry of a Default Order and Judgment against Defendant as prayed for in Plaintiff's Amended Complaint.

22. The uncontroverted fair market value of the Residence is $80,000.00.

23. The outstanding balance of Nationstar's first position mortgage on the Residence exceeds the value of the Residence.

24. Pursuant to Sections 506(a) and (d) of Title 11 of the United States Code, Defendant's second mortgage is an allowed secured claim to the extent of the value of the estate's interest in the Residence securing the claim and Defendant's second mortgage is void to the extent it is not allowed as a secured claim.

25. Because Defendant's second mortgage is wholly unsecured, it is not allowed as a secured claim and should be stripped off. *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993); *First Bank, Inc. v. Van Wie*, 2003 WL 1563959 S.D. Ind., 2003.

26. The re-classification of Defendant's claim from secured to unsecured does not exceed the debt limitations for filing a chapter 13.

Respectfully Submitted by
Steve Nelson

/s/ Timothy M. Hughes  6208982
Timothy M. Hughes, one of his attorneys

Timothy M. Hughes
Lavelle Law, Ltd
501 W. Colfax Street
Palatine, IL 60067
(847) 705-7555
Dir 847.705-9698
Fax 847.241-1702
thughes@lavellelaw.com

JUN 12 2015

S:\7001-7250\7101\adv HSBC & MERS\findings of fact conclusions of law  6.11.15.doc